## In Re Anonymous No. 19 D.B. 77

Disciplinary Board Docket No. 19 D.B. 77.

To The Honorable Chief Justice and Justices
of the Supreme Court of Pennsylvania

Neuman, Member, February 14, 1984—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

### HISTORY OF THE PROCEEDINGS

The within petition for reinstatement was filed on July 29, 1982. Petitioner was disbarred on consent by order of the Supreme Court on June 20, 1977.

The matter was referred to hearing committee [    ] on July 30, 1982. A hearing was held February 16, 1983 before hearing committee members [    ]. A second hearing was held on April 8, 1983 before [    ].

On December 2, 1983, the report of the hearing committee was filed recommending reinstatment. No exceptions to the report of hearing committee [    ] have been filed by either petitioner or the Office of Disciplinary Counsel.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board adopts the following findings of fact of hearing committee [    ] as its findings of fact and conclusions of law in this reinstatement proceeding.

1. Petitioner was admitted to the Bar of the Supreme Court of the Commonwealth of Pennsylvania on April 11, 1949.

2. Petitioner is married with a family and has been a resident of [    ] County in excess of 25 years.

3. Petitioner was disbarred on consent from the practice of law by order of the Supreme Court of Pennsylvania dated June 20, 1977.

4. Petitioner was disciplined as a result of a guilty plea to indictments in the United States District Court for the [    ] District of Pennsylvania charging accepting a bribe while a public official (18 U.S.C. §201), income tax evasion (26 U.S.C. §7201), and filing a false income tax return (26 U.S.C. §7206).

5. Petitioner was sentenced by the Honorable [A] to serve a period of five years probation and pay a $15,000 fine.

6. Petitioner complied with the terms and conditions of his probation, which was terminated prior to full term by order of Judge [A] dated December 3, 1979.

7. Petitioner has complied in all respects with the order disbarring him.

8. Petitioner practiced law from April 11, 1949 to the date of his disbarment; and since the date of his disbarment has read law journals, advance sheets, and monographs; taken courses in taxation, accounting and estates; and completed the Pennsylvania Legal Practice Course presented by the Pennsylvania Bar Institute.

9. Petitioner has met his burden of maintaining his learning and competency in the law.

10. Petitioner has shown that he is fully aware of the nature and seriousness of the offenses he has committed.

11. Petitioner performed and/or attempted to do some public service work on behalf of the community.

12. Petitioner acknowledges that a member of the Court of Common Pleas of [          ] County participated in offering him bribes and assisted him in concealing the bribes.

13. Petitioner reported the bribes and the conspiracy concerning the bribes involving a member of the Court of Common Pleas to the authorities (Federal Bureau of Investigation and United States Attorney General's Office) who were then in charge of prosecuting petitioner for the crimes for which he eventually plead guilty.

14. Petitioner has demonstrated by clear and convincing evidence that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

15. Respondent has not produced any evidence contrary which would shed a scintilla of doubt that petitioner has not met his burden by clear and convincing evidence.

## DISCUSSION

In order for petitioner to gain reinstatement to the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice, nor subversive of the public interest. (Rule 218(c)(3)(i), Pa.R.D.E.).

The hearing committee concludes, and the Disciplinary Board agrees, that petitioner has the requisite competency and learning in the law to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania. Since the date of his disbarment, petitioner has read law journals, advance sheets, and monographs. He has taken courses in taxation, accounting and estates, and completed the Pennsylvania Legal Practice Course presented by the Pennsylvania Bar Institute.

The hearing committee also finds, and the Disciplinary Board agrees, that petitioner has met the moral qualifications required for reinstatement to the practice of law in ths Commonwealth. Numerous witnesses appeared before the hearing committee to attest to petitioner's character, and his rehabilitation. Each witness testified that petitioner's reinstatement would not be detrimental to the in-

tegrity and standing of the Bar or the administration of justice nor subversive of the public interest.

Petitioner paid both the $15,000 fine and the tax liabilities levied against him as a result of his tax evasion charges, shortly after his disbarment. Petitioner testified that these payments were made from personal savings.

Petitioner complied with the terms and conditions of his five year probation, and such probation was terminated by Judge [A] on December 3, 1979 prior to its full term. A letter dated February 10, 1983 from [B], Chief U.S. Probation Office, U.S. District Court, [    ] District to Disciplinary Counsel, notes the following:

[Petitioner] cooperated fully with all the conditions of his probation, including the payment in full of his $15,000 fine. Throughout the period of probation, [petitioner] was totally cooperative, displayed a stable home and life-style, and an excellent attitude. Due to his full compliance with the conditions of his probation and our assessment that [petitioner] is no longer in need of probation supervision, Judge [A] signed an order on December 3, 1979, terminating his probation supervision prior to its full term. (Exhibit A-1, page 1).

The Disciplinary Board of the Supreme Court of Pennsylvania is fully cognizant of the serious offenses committed by petitioner prior to his disbarment, and of the detrimental effect such crimes have on the integrity of the Bar and the public interest. The board also believes that petitioner has taken the necessary steps since the time of his disbarment to demonstrate that he has both the moral qualifications and the competency and learning in the law required for reinstatement to the Bar of the Commonwealth of Pennsylvania.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that [petitioner] be reinstated to the practice of law in the Commonwealth of Pennsylvania. The board also recommends that the Supreme Court direct that all necessary expenses incurred by this board in the investigation and processing the instant petition for reinstatement be borne by and paid for by said petitioner. (A statement of such expenses is appended to the instant report.)

Messrs. Krawitz, Helwig, McDonald and McGinley did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this March 15, 1984, the recommendation of the Disciplinary Board dated February 14, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatment.